UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01336-PAB-BNB

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        Applicant,

        v.

RAYMOND Y. CHIN, KENYATTO MONTEZ JONES,
HENNING D. MORALES, BENJAMIN J. PORT,
ALAN M. ROTHMAN, RONALD C. TOUCHARD,
MISTY D. TOUCHARD, AUGUST, INC., DELTA
CONSULTING, LLC, EWORLD COMPANIES, INC.,
GLOBALQX, KNIGHT CONSULTING CORP.,
MONARCHY CAPITAL, INC., NEBTROPOLIS
CONSULTING, INC., NEWPORT HOLDINGS, INC.,
NEWPORT STOCKS, INC., NUTRIPURE BEVERAGES,
INC., PREZENSE, INC., RMT CONSULTING, INC.,
SUNRISE CONSULTING GROUP, INC., TOUCHARD FAMILY
TRUST, and RBID.COM, INC.

        Respondents.

## [PROPOSED] ORDER COMPELLING COMPLIANCE WITH ADMINISTRATIVE SUBPOENA

The Applicant, the United States Securities and Exchange Commission (the "Commission"), having filed an Application pursuant to Section 21(c) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(c)], for an Order Compelling Compliance with Administrative Subpoena against Benjamin J. Port ("Port"), the Court having considered the Application and documents filed in support thereof, the Court having jurisdiction over the parties

and the subject matter hereof, and being fully advised in the manner, and good cause having been shown, and there being no just cause for delay:

IT IS HEREBY ORDERED that Respondent Port shall produce to the Commission staff on or before August 17, 2012, at 5:00 p.m., at the Commission's Denver Regional Office, 1801 California Street, Suite 1500, Denver, CO 80202, all non-privileged documents responsive to, and pursuant to the terms of, the July 21, 2011 administrative subpoena, other than those Respondent Port has already produced.

IT IS FURTHER ORDERED that Respondent Port shall produce to the Commission staff on or before August 17, 2012, at 5:00 p.m., at the Commission's Denver Regional Office, 1801 California Street, Suite 1500, Denver, CO 80202, a list of each document in his custody, control, or possession that is responsive to the July 21, 2011 administrative subpoena but that has been withheld on Respondent Port's good-faith belief that its production would violate Respondent Port's Fifth Amendment privilege against self-incrimination (the "Privilege Log"). As required by the July 21, 2011 administrative subpoena, the Privilege Log should describe each item separately, noting (a) its author(s); (b) its date; (c) its subject matter; (d) the name of the person who has the item now, or the last person known to have it; (e) the names of everyone who ever had a copy of it, and the names of everyone who was told the item's contents; and (f) the reason the item was not produced. If, for any document, Respondent Port has a good-faith belief that disclosing a particular piece of information on the Privilege Log would violate Respondent Port's Fifth Amendment Privilege against self-incrimination, Respondent Port may omit that particular information, and only that information, from the Privilege Log. Respondent Port shall note on the Privilege Log what information he has omitted on Fifth Amendment grounds.

IT IS FURTHER ORDERED that if, after the Commission reviews the Privilege Log, the Commission informs Respondent Port that it wishes to challenge his privilege claim as to a particular document or documents, Respondent Port shall file with the Court the Privilege Log, along with a copy of each challenged document, so that the Court may conduct an *in camera* review of Respondent Port's privilege claims;

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this matter for the purpose of giving full effect to this Order and to make such further orders and decrees or taking such action as may become necessary or appropriate to carry out the terms of this Order.

Dated: July 25, 2012

~~UNITED STATES DISTRICT JUDGE~~
BOYD N. BOLAND
United States Magistrate Judge