UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-CV-01336-PAB-BNB

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION

        Petitioner,

        v.

RAYMOND Y. CHIN
KENYATTO MONTEZ JONES
HENNING D. MORALES
BENJAMIN J. PORT
ALAN M. ROTHMAN
**RONALD C. TOUCHARD**
**MISTY D. TOUCHARD**
**AUGUST, INC.**
DELTA CONSULTING, LLC
EWORLD COMPANIES, INC.
GLOBALQX
KNIGHT CONSULTING CORP.
MONARCHY CAPITAL, INC.
NEBROPOLIS CONSULTING, INC.
NEWPORT HOLDINGS, INC.
**NEWPORT STOCKS, INC.**
NUTRIPURE BEVERAGES, INC.
PREZENSE, INC.
**RMT CONSULTING, INC.**
SUNRISE CONSULTING GROUP, INC.
**TOUCHARD FAMILY TRUST**
RBID.COM, INC.
        Respondents.

---

**SUPPLEMENTAL BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE
WHY AN ORDER COMPELLING COMPLIANCE WITH ADMINISTRATIVE
SUBPOENAS SHOULD NOT ISSUE**

---

## I.      INTRODUCTION

Respondents Ronald  C. Touchard, Misty D. Touchard, August, Inc., ("August"),

Newport Stocks, Inc., ("Newport"), RMT Consulting, Inc., ("RMT"), and Touchard Family

Trust ("Trust") submit this supplemental brief in response to this Court's Order dated September

5, 2012, Dkt #40.  Respondents specifically incorporate by reference the arguments in their

Response To Order To Show Cause Why An Order Compelling Compliance With

Administrative Subpoenas Should Not Issue, Dkt #8 and all arguments made at the hearing on

this matter.

## II.      AUGUST, RMT AND NEWPORT ARE THE FUNCTIONAL EQUIVALENT OF SOLE PROPRIETORSHIPS AND ABSENT STATUTORY IMMUNITY 18 U.S.C. 6003, RONALD AND MISTY TOUCHARD ARE ENTITLED TO INVOKE THE FIFTH AMENDMENT PRIVILEGE AGAINST SELF INCRIMINATION IN RESPONSE TO THE SEC SUBPOENAS.

As demonstrated by the Declaration of Ronald Touchard, attached as Ex. A ("Touchard

Decl."), August, RMT and Newport have never had any shareholders, officers, directors or

employees other than Ronald and Misty Touchard, who are husband and wife and by virtue of

their marriage constitute a single owner of these entities. ("Touchard Decl.  Paragraphs 4, 5, 6").

Respondents submit that for that reason the records of these entities are no different than their

personal records and are therefore entitled to protection under the self-incrimination clause of the

Fifth Amendment.  *United States v. Doe* 465 U.S. 605, 609 (Affirming the proposition that

"…not withstanding the holdings in *Bell* is and *Fisher* the business records of a sole

proprietorship are no different from the individual owner's personal records.")

As previously argued both at the hearing on September 5,2012 and in their Response

(Dkt # 8), the United States Supreme Court has explicitly left open this question regarding

closely held corporations. *United States v. Braswell* 487 U.S. 99 (1988).  Respondents urge the

2

Court to hold that because a jury would inevitably conclude that the Touchards produced the records of their closely held corporations, the act of producing the records for August, RMT and Newport is protected by the Fifth Amendment. *Braswell supra* at fn. 11.   *Cf.Freedom Medical, Inc. v. Gillespie* 2006 WL 3924101 (E.D. PA, 2006) and cases cited therein.

### III.   THE TOUCHARD FAMILY TRUST IS NOT A CORPORATION.

As demonstrated by the Declaration of Ronald C. Touchard, the Touchard Family Trust, one of the so-called "Touchard Entities" in the parlance of the SEC subpoenas, is not a corporation, but a trust.  Ronald and Misty Touchard, who are Husband and Wife, are the sole trustees of this Trust.  No one else is involved in the Trust. (Touchard Decl. Paragraph 3)  For that reason, the Trust should be recognized to have a Fifth Amendment privilege against self-incrimination as is a sole proprietorship.  For this reason as well as those argued above Respondents submit the Trust should be protected by the self incrimination clause of Fifth Amendment.

### IV.   RESPONDENTS ARGUE IN GOOD FAITH FOR EXTENSION OF THE INTERPRETATION OF THE SELF-INCRIMINATION CLAUSE.

In the alternative, should the Court conclude that the productions called for by Exhibits A-1 through A-6 (the subpoenas admitted at the hearing on this matter) are not protected by *current interpretations* of the Fifth Amendment self incrimination clause, Respondents urge the Court to hold that the current interpretations are too narrow and that the self incrimination clause, properly read, protects all citizens from being compelled to furnish *any evidence*, whether testimonial or not, which could tend to incriminate the Respondents in a criminal case.

Such a reading is supported by the concurrence of Justice Thomas joined by Justice Scalia in *United States v. Hubbell* 530 U.S. 27, 51-56 (2000) cited in the original "Response (Dkt.8)" explaining the historical support for considering prior interpretations too narrow and

observing "…in light of historical evidence that the Self-Incrimination Clause may have a broader reach than *Fisher* holds, I remain open to a reconsideration of that decision and its progeny in a proper case" *Id* at 56 (footnote omitted).   Such an interpretation would protect the Touchards from compliance with the subpoenas at issue because such compliance would constitute providing  some evidence which could incriminate them.    See Exhibits A-1 through A-6, and Exhibit A-7  Rachael Clarke Declaration paragraphs 4, 6, 10, 11, 12, 13, 17, and 18, all of which allege directly and indirectly that the SEC contends (and which Respondents expressly deny) that Respondents were involved in an illegal "pump and dump" securities fraud.

## V.    RESPONDENTS RESPECTFULLY SUBMIT THE MAGISTRATE JUDGE SHOULD PROCEED BY "RECOMMENDATION" TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. 636 (B)(1)(B).

The matter before the Court essentially involves the final disposition of "the case," namely whether or not to enforce the subpoenas served upon Respondents.  There is no other matter encompassed within this action.  As a consequence, this matter is akin to those functions described in 28 U.S.C. 636 (b)(1)(A) such as "judgment or the pleadings, summary judgment, to dismiss or quash an indictment…to dismiss for failure to state a claim…" which are **excepted** from a Magistrate Judge's authority to hear and determine.

Respondents respectfully request this Court to proceed under 28 U.S.C. 636(b)(1)(B) by submitting proposed findings and recommendations for disposition to the United States District Court Judge to whom this matter is assigned.

Respectfully submitted this 12th day of September, 2012.

> _s/ Kevin M. Shea_
> Kevin M. Shea, #7434
> Richilano Shea LLC
> 1800 15th Street, Suite 101
> Denver, CO 80202
> Telephone: (303) 893-8000
> Email: shea@richilanoshea.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of September, 2012 I electronically filed the foregoing **SUPPLEMENTAL BRIEF  IN RESPONSE TO ORDER TO SHOW CAUSE WHY AN ORDER COMPELLING COMPLIANCE WITH ADMINISTRATIVE SUBPOENAS SHOULD NOT ISSUE** with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing to the following email addresses:

Nicholas P. Heinke
heinken@sec.gov
*Attorney for U.S. Securities and Exchange Commission*

Rachael Clarke
clarkera@sec.gov
*Attorney for U.S. Securities and Exchange Commission*

Shirley Hayton
shayton@gghslaw.com
*Attorney for Respondents Ronald Touchard; Misty Touchard; August, Inc.; Newport Stocks, Inc.; RMT Consulting, Inc.; and the Touchard Family Trust*

Charles Lee Goldberg
chuck@clgdefense.com
*Attorney for Respondent Benjamin Port*

By Electronic Mail:

Raymond Y. Chin
Raymondchin00@hotmail.com
Raymondchin00@yahoo.com

Kenyatto Montez Jones
GlobalQx
Nutripure Beverages, Inc.
Prezense, Inc.
Pnidirector@msn.com

Henning D. Morales
eWorld Companies, Inc.
Henningmorales@gmail.com
h@eworld.com

By U.S. Mail:

Alan M. Rothman                          Monarchy Capital, Inc.
612 Hilvanar                             c/o Killucan International, Inc.
Newport Beach, CA 92660                  Registered Agent
*and*                                    4830 Impressario Court
895 Dove Street, Suite 300               Las Vegas, NV 89149
Newport Beach, CA 92660

Nebtropolis Consulting, Inc.             RBID.com, Inc.
c/o Killucan International, Inc.          c/o Alan M. Rothman
Registered Agent                         612 Hilvanar
4830 Impressario Court                   Newport Beach, CA 92660
Las Vegas, NV 89149

Sunrise Consulting, Inc.
c/o Incorporating Solutions Group, Inc.
Registered Agent
10120 S. Eastern Avenue, #200
Henderson, NV 89052

                                         s/ Jennifer L. Jones
                                         Jennifer L. Jones