IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01336-PAB-BNB

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

    Applicant,

v.

RAYMOND Y. CHIN,
KENYATTO MONTEZ JONES,
HENNING D. MORALES,
BENJAMIN J. PORT,
ALAN M. ROTHMAN,
RONALD C. TOUCHARD,
MISTY D. TOUCHARD,
AUGUST, INC.,
DELTA CONSULTING, LLC,
EWORLD COMPANIES, INC.,
GLOBALQX,
KNIGHT CONSULTING CORP.,
MONARCHY CAPITAL, INC.,
NEBTROPOLIS CONSULTING, INC.,
NEWPORT HOLDINGS, INC.,
NEWPORT STOCKS, INC.,
NUTRIPURE BEVERAGES, INC.,
PREZENSE, INC.,
RMT CONSULTING, INC.,
SUNRISE CONSULTING GROUP, INC.,
TOUCHARD FAMILY TRUST, and
RBID.COM, INC.,

    Respondents.
_____

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
_____

    This matter is before the Court on the Recommendation of United States Magistrate Judge Boyd N. Boland filed on November 29, 2012 [Docket No. 49]. The Recommendation states that objections to the Recommendation must be filed within

fourteen days after its service on the parties. See 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on November 30, 2012. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law. Accordingly, it is

**ORDERED** as follows:

1. The Recommendation of United States Magistrate Judge [Docket No. 49] is ACCEPTED.

2. The Order to Show Cause [Docket No. 7] shall be made absolute in part and discharged in part as follows:

    a. The Order to Show Cause is discharged with respect to respondents Ronald Touchard, Misty Touchard, Benjamin J. Port, and Alan M. Rothman, and they

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

shall not be required to provide a detailed privilege log of the documents claimed to be subject to the protections of the Fifth Amendment (other than with respect to category 3(a) of the subpoenas).

      b.  The Order to Show Cause is made absolute with respect to respondents Ronald Touchard, Misty Touchard, Benjamin J. Port, and Alan M. Rothman, and they shall be required to provide a detailed privilege log of the documents claimed to be subject to the protections of the Fifth Amendment with respect to category 3(a) of the subpoenas.

      c.  The Order to Show Cause is made absolute with respect to respondents August, Inc., Newport Stocks, Inc., RMT Consulting, Inc., Touchard Family Trust, RBID.com, Inc., Prezense, Inc., Global QX, and Nutripure Beverages, Inc., and any claim for Fifth Amendment protection concerning their documents must be asserted in a particularized manner and document-by-document.

DATED December 27, 2012.

                          BY THE COURT:

                          s/ Philip A. Brimmer
                          PHILIP A. BRIMMER
                          United States District Judge