IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-01336-PAB-BNB

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

Applicant,

v.

RAYMOND Y. CHIN,
KENYATTO MONTEZ JONES,
HENNING D. MORALES,
BENJAMIN J. PORT,
ALAN M. ROTHMAN,
RONALD C. TOUCHARD,
MISTY D. TOUCHARD,
AUGUST, INC.,
DELTA CONSULTING, LLC,
EWORLD COMPANIES, INC.,
GLOBALQX,
KNIGHT CONSULTING CORP.,
MONARCHY CAPITAL, INC.,
NEBROPOLIS CONSULTING, INC.,
NEWPORT HOLDINGS, INC.,
NEWPORT STOCKS, INC.,
NUTRIPURE BEVERAGES, INC.,
PREZENSE, INC.,
RMT CONSULTING, INC.,
SUNRISE CONSULTING GROUP, INC.,
TOUCHARD FAMILY TRUST, and
RBID.COM, INC.,

Respondents.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND ORDER

This matter arises on the following:

(1)   **Order to Show Cause Why Respondents Should Not Be Held in Contempt**

[Doc. # 65, filed 3/22/2013] (the "OSC Contempt"); and

(2) **Second *Ex Parte* Application for Order to Show Cause and for an Order Compelling Compliance With Administrative Subpoenas** [Doc. # 56, filed 2/15/2013] (the "OSC Compliance").

These matters were discussed at a hearing on June 5, 2013.

## I.  OSC Contempt: Jones

I am informed by the SEC that Mr. Jones has fully complied with the Order [Doc. # 54] adopting my recommendation that he be required to produce documents.  Consequently, the OSC Contempt [Doc. # 65] is DISCHARGED with respect to Mr. Jones only.

## II.  OSC Compliance: Jones and Touchard

I am informed that Messrs. Jones and Touchard have made substantial progress toward complying with the subpoenas served on them and which are the subject of the OSC Compliance [Doc. # 56].  The SEC recommends that the OSC Compliance be continued with respect to Messrs. Jones and Touchard until July 8, 2013, to allow their full compliance.

## III.  OSC Compliance: Lowman

The SEC asserts that Mr. Lowman has failed to comply with the requirements of the SEC subpoena serve on him, and it requests an order commanding compliance.  Mr. Lowman's sole response to the OSC Compliance states in its entirety:

> This letter respectfully is in regard to hearing I have in Denver scheduled for June 5, 2013.  I recently declared bankruptcy (Chapter 7) and literally have no available funds to fly to Denver (I live in Baltimore-Washington DC area) to appear in person.  I plead with court to make alternative means for me to appear, possibly at a local court or via telephone.  I am currently trying to reconstruct information that Mr. Heinke (SE C counsel) needs to satisfy subpoena and maybe make court appearance unnecessary.  I

>   also have custody of two young daughters that I would have to
>   leave.  Please understand my circumstances.

Response [Doc. # 81, filed 5/8/2013].

Mr. Lowman's Response [Doc. # 81] does not indicate that it was served on the SEC or other parties as required by Fed. R. Civ. P. 5 and D.C.COLO.LCivR 5.1G.  Consequently, I denied the Response to the extent that it may be considered a motion to attend the June 5 hearing by telephone.  Courtroom Minutes [Doc. # 86].  In any event, Mr. Lowman neither appeared at the hearing on June 5, 2013, nor did he attempt to contact the court by telephone at that time.

In the summer of 2010, the SEC discovered what it believes to be a "pump and dump" scheme to (1) artificially inflate the value of stocks through false and misleading statements and (2) sell the shares at the overvalued price.  The Commission issued orders opening an investigation of the pump and dump scheme, and the subpoena to Troy Lowman (the "Lowman Subpoena") was issued pursuant to the orders to investigate.

The Lowman Subpoena was properly served on Mr. Lowman on November 14, 2012, with a return date of November 30, 2012.

An administrative agency's investigative subpoena will be judicially enforced if (1) the investigation will be conducted pursuant to a legitimate purpose, (2) the subpoena seeks information that may be relevant to the purpose, (3) the information sought is not already within the agency's possession, and (4) all required administrative steps have been followed.  United States v. Powell, 379 U.S. 48, 57-58 (1964); Application to Enforce Administrative Subpoenas Duces Tecum of SEC v. Knowles, 87 F.3d 413, 415-16 (10th Cir. 1996)(applying the Powell test to the enforcement of SEC subpoenas).  Mr. Lowman has not challenged the propriety of the subpoena under Powell or on any other grounds.  Under these facts, the OSC Compliance [Doc.

# 56] should be made absolute as to Troy Lowman, and an order should enter requiring Mr. Lowman to comply with the subpoena and to produce all documents responsive to the subpoena.

## IV.  Recommendation and Order

I respectfully RECOMMEND[1] that the SEC subpoena served on Troy Lowman be MADE ABSOLUTE and that an order enter requiring Mr. Lowman to comply with the subpoena and to produce all documents responsive to the subpoena by a date certain not more than 14 days after the court's order.

In addition, IT IS ORDERED:

(1) The OSC Contempt [Doc. # 65] is DISCHARGED with respect to Kenyatto Montez Jones only;

(2) The OSC Compliance [Doc. # 56] is continued to and including **July 8, 2013**, to allow Kenyatto Montez Jones and Ronald Touchard to fully comply with the requirements of the subpoenas served on them;

(3) The SEC and Messrs. Jones and Touchard shall file status reports on or before **July 15, 2013**, addressing Messrs. Jones and Touchard's compliance with the SEC subpoenas; and

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

(4)     The SEC shall file a status report within seven days of any order of the district judge addressing my Recommendation concerning Mr. Lowman's compliance with the subpoena advising me of the order and addressing any further proceedings that the SEC deems may be necessary.

Dated June 12, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge